NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 17 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TIMOTHY HUNT, a married man, | No. 17-16752 |
| Plaintiff-Appellee, | D.C. No. 3:16-cv-08280-GMS |
| v. | |
| ASHER DAVIS and SARAH DAVIS, | MEMORANDUM[*] |
| Defendants, | |
| UNKNOWN PARTIES, named as John Does I-X, Jane Does I-X, | |
| Defendant, | |
| and | |
| KELLY CLARK, Sheriff of Navajo County; et al., | |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Argued and Submitted August 16, 2018
San Francisco, California

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: O'SCANNLAIN and BEA, Circuit Judges, and McLAUGHLIN,[**] District Judge.

Navajo County and Navajo County Sheriff Kelly Clark appeal from the district court's denial of a motion to dismiss plaintiff Timothy Hunt's civil rights claims under 42 U.S.C. § 1983. Hunt claims that Navajo County as a municipality and Sheriff Clark in his individual capacity are liable for Fourth Amendment violations related to a Navajo County Sheriff's Office Detective's procurement and execution of a search warrant based on a false or materially misleading affidavit.

We have jurisdiction under 28 U.S.C. § 1291 to review the denial of the motion to dismiss the claims against Clark, as "[a] district-court decision denying a Government officer's claim of qualified immunity can fall within the narrow class of appealable orders despite 'the absence of a final judgment.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 671–72 (2009) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985)). Our review is de novo, *Padilla v. Yoo*, 678 F.3d 748, 757 (9th Cir. 2012), and we reverse. We dismiss the County's appeal for lack of pendent jurisdiction. *See Puente Arizona v. Arpaio*, 821 F.3d 1098, 1109 (9th Cir. 2016).

### 1. Hunt's Claim against Sheriff Clark as an individual

The district court erred in holding that Hunt stated a claim against Sheriff

---

[**]   The Honorable Mary A. McLaughlin, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

Clark individually based on his post-incident ratification of or acquiescence to his subordinate detective's claimed unconstitutional conduct. The sole facts alleged on which the district court relied, which were general statements made by Sheriff Clark well after the search, do not plausibly suggest the requisite causal connection between Sheriff Clark's own actions or inactions and the alleged violative manner in which the detective obtained or executed the warrant. *See Iqbal*, 556 U.S. at 677–78; *Keates v. Koile*, 883 F.3d 1228, 1242–43 (9th Cir. 2018).

To state a claim against an individual official under § 1983, a plaintiff must allege that the official, "through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. There is no respondeat superior or vicarious liability. *Id.* Although a supervisor's acquiescence in a subordinate's constitutional violation may result in his individual liability, *Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011), there must be "a sufficient causal connection" between the supervisor's own conduct and the violation. *Id.* at 1207. That causal connection requires the supervisor either "setting in motion" or "knowingly refusing to terminate" acts by others which he knows or has reason to know inflict constitutional injury. *Id.* (quoting *Dubner v. City & Cnty. of San Francisco*, 266 F.3d 959, 968 (9th Cir. 2001); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A supervisor is only liable for constitutional violations of his subordinates if [he] participated in or directed the violations, or knew of the

violations and failed to act to prevent them.").

Taken as true, Hunt's allegations are insufficient. The complaint alleges that, following Sheriff Clark's review of his department's investigations into Hunt, Sheriff Clark made two statements generally standing by and commending his department's work. Sheriff Clark's statements do not suggest that he directed or knew of at the time and failed to prevent either the detective's use of a misleading affidavit to obtain the search warrant or the manner in which the search was conducted. Nor is there an allegation that the propriety of the warrant or underlying affidavit had been challenged when Sheriff Clark made the statements.

Such post-incident statements alone do not amount to a claim for individual liability by acquiescence.[1] To the contrary, allegations of knowledge of ongoing wrongdoing and a subsequent failure to intervene are required. *See, e.g.*, *Preschooler II*, 479 F.3d at 1178–79 (plaintiff stated claim for supervisory liability based on allegations that officials had notice of "ongoing abuses" yet "failed to act

---

[1] Hunt also alleged a single statement by the detective at the time of executing the warrant that Sheriff Clark viewed the information to be derived from the search as making "a golden case." It does not appear that the district court relied on this allegation in finding that Hunt stated a claim. Even if it had, Sheriff Clark's general statement, without more, does not suggest he had specific knowledge of the constitutional infirmities of the warrant itself at that time. *Cf. Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1178–79 (complaint stated a claim for liability by acquiescence where plaintiffs alleged that officials had notice of specific ongoing incidences of abuse and failed to prevent further harm).

17-16752

to prevent further harm"); *Starr*, 652 F.3d at 1216–17 (plaintiff stated claim for liability by acquiescence based on allegations that official "took no action to stop his subordinates' repeated violations of prisoners' constitutional rights despite being repeatedly confronted with those violations").

*Larez v. City of Los Angeles*, 946 F.2d 630 (9th Cir. 1991), *as amended* (Oct. 7, 1991), does not suggest otherwise. *Larez* held not that a post-incident statement was sufficient to plead liability by acquiescence, but rather that a police chief's post-incident, mid-trial statement was admissible at trial to prove liability where plaintiffs previously had adequately alleged that the chief had "set a tone" which "encouraged" the constitutional violations. *Id.* at 645. *Larez* is further distinguishable because there, the plaintiffs alleged that the police chief had actual notice of the particular claimed violations through a specific complaint to the department before he ratified or acquiesced to them. *Id.* at 646.

Cases addressing municipal liability are also inapplicable to Hunt's claim against Sheriff Clark individually. Municipal liability requires an allegation of a constitutional injury flowing from a governmental policy or custom. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978); *Hyland v. Wonder*, 117 F.3d 405, 414 (9th Cir. 1997). This can be established by a showing "that an official with final policymaking authority ratified a subordinate's unconstitutional decision or action and the basis for it." *Gillette v. Delmore*, 979 F.2d 1342, 1346–47 (9th Cir. 1992);

*see Hyland*, 117 F.3d at 414.  Such a ratification is "chargeable to the

municipality" as a policy or custom.  *City of St. Louis v. Praprotnik*, 485 U.S. 112,

127 (1988).  But whether there is a municipal policy or custom that caused

constitutional injury is a distinct inquiry from whether a particular official,

"through the official's own individual actions, has violated the Constitution."

*Iqbal*, 556 U.S. at 676; *see Larez*, 946 F.2d at 645 (distinguishing individual as

opposed to official or municipal liability).

As neither the Supreme Court nor our circuit has established that an

official's post-incident ratification of or acquiescence to a claimed constitutional

violation is alone sufficient for individual liability under § 1983,[2] the district court

erred when it held that Hunt stated a claim against Sheriff Clark on this basis.

### 2.      Hunt's claim against Navajo County

Navajo County appeals the denial of its motion to dismiss Hunt's claims

against it as a municipality.  We lack jurisdiction to undertake this review.

Where, as here, we have jurisdiction to review an interlocutory order

---

[2] For the same reason, Sheriff Clark could raise a qualified immunity defense to any claim advanced solely upon such conduct.  *See White v. Pauly*, 137 S. Ct. 548, 551 (2017) (qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights that existing precedent places "beyond debate" (internal quotation marks omitted)); *Sharp v. Cty. of Orange*, 871 F.3d 901, 911 (9th Cir. 2017) (qualified immunity applies unless "prior case law articulates a constitutional rule specific enough to alert [a defendant] . . . that [his] particular conduct was unlawful).

17-16752

denying a motion to dismiss based on qualified immunity, we may exercise pendent jurisdiction over another issue only where (a) the issues are "so intertwined that we must decide the pendent issue in order to review the claims properly raised on interlocutory appeal, or (b) resolution of the issue properly raised on interlocutory appeal necessarily resolves the pendent issue." *Puente Arizona*, 821 F.3d at 1109 (quoting *Cunningham v. Gates*, 229 F.3d 1271, 1285 (9th Cir. 2000), *as amended* (Oct. 31, 2000) (internal citations omitted)).

Neither is true here. As stated above, individual liability and municipal liability are distinct inquiries. *See Puente Arizona*, 821 F.3d at 1109–10 (finding no pendent jurisdiction where primary and pendent issues involved "different legal inquiries"). Our holding—that Sheriff Clark's post-incident statements are insufficient to suggest that he caused an unconstitutional search as required for individual liability—neither depends on nor demands a decision as to whether those statements could constitute ratification sufficient to demonstrate a municipal policy that caused constitutional injury. *See Gillette*, 979 F.2d at 1346–47. Accordingly, we dismiss for lack of pendent jurisdiction the appeal of the denial of the County's motion to dismiss.

**REVERSED in part; DISMISSED in part.**

17-16752